**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

EDWIDG EUGENE,

    Plaintiff,

v.

MODERN CONCEPTS CONSTRUCTION, LLC, MODERN CONCEPTS SOLAR AND ROOFING, INC. and GOODLEAP, LLC,

    Defendants.
_____/

CASE NO. _____

CIVIL DIVISION

**DEFENDANT GOODLEAP, LLC'S
<u>NOTICE OF REMOVAL TO FEDERAL COURT</u>**

Defendant, GOODLEAP, LLC ("GoodLeap"), pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 1331, hereby files its notice of removal of that action filed by Plaintiff, EDWIDG EUGENE ("Plaintiff"), in the Seventeenth Judicial Circuit Court in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. In support thereof, GoodLeap states as follows:

**PROCEDURAL BACKGROUND**

On or about June 22, 2023, Plaintiff filed his complaint (the "Complaint") in that certain action styled *Edwidg Eugene v. GoodLeap, LLC, et al.*, case no. 23-ca-10590, in the Circuit Court of the Seventeenth Judicial Circuit Court in

and for Broward County, Florida (the "State Court Action"). GoodLeap was served with Plaintiffs' Complaint on June 29, 2023.

## GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1331

Removal of the State Court Action to the United States District Court for the Middle District of Florida is proper pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331, because the State Court Action is a civil action founded on a claim or right arising under the laws of the United States. This Court has original jurisdiction over the subject matter of Plaintiffs claims asserted in the State Court Action because federal questions have been alleged therein relating to consumer disclosures. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

Specifically, Plaintiff purports to assert claims against GoodLeap under the Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001[1] and the Truth and Lending Act. In the State Court Action, Plaintiff alleges "[a]t the time of the transaction, Defendant failed to give the necessary disclosures as required under The E-Sign Act (*see* 15 U.S.C. § 7001(c)(1)(a)) and the Truth and Lending Act (TILA)." *See* Compl., at ¶ 39. Accordingly, removal is proper because Plaintiff asserts claims against GoodLeap which

---

[1] Out of an abundance of caution, GoodLeap asserts that it does not concede that the E-Sign Act creates a private right of action.

Page **2** of **4**

arise from federal statutes, and the district courts have original jurisdiction over such claims.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, because that is the district and division embracing the place where the State Court Action is pending.

In accordance with 28 U.S.C. § 1446(a), a copy of all executed process, pleadings, and orders in the State Court Action served upon GoodLeap are attached hereto as **Exhibit 'A'**.  This Notice of Removal is timely filed because it was filed on or before the 30th day following service.  28 U.S.C. § 1446(a); Fed. R. Civ. P. 6(a)(1).  Pursuant to 28 U.S.C. § 1446(d), GoodLeap has contemporaneously filed a copy of this Notice of Removal with the Clerk of the Seventeenth Judicial Circuit Court in and for Broward County, Florida.

**WHEREFORE**, Defendant GOODLEAP, LLC respectfully removes this action from the Seventeenth Judicial Circuit Court in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

Dated this 31st day of July, 2023.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
*Counsel for GoodLeap, LLC*
1905 N.W. Corporate Blvd., Suite 310
Boca Raton, Florida 33431
P:  561-343-6900 | F:  561-483-7321

By: */s/ T.W. Anderson*
**Terrance W. Anderson, Jr., Esq.**
Florida Bar No. 27426
TW.Anderson@nelsonmullins.com
Jenny.Sica@nelsonmullins.com

By: */s/ Sophie M. Labarge*
**Sophie M. Labarge, Esq.**
Florida Bar No. 1025145
Sophie.Labarge@nelsonmullins.com
Jenny.Sica@nelsonmullins.com

## CERTIFICATE OF SERVICE

I CERTIFY THAT on July 31, 2023, a true and correct copy of the foregoing was served on all parties listed in the attached service list.

By: */s/ T.W. Anderson*
**Terrance W. Anderson, Jr., Esq.**
Florida Bar No. 27426

## SERVICE LIST

**THE CONSUMER PROTECTION ATTORNEY, PA**
301 W. Platt. St., #216
Tampa, FL 33606
bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.com

# EXHIBIT 'A'

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL ACTION

EDWIDG EUGENE, and
all others similarly situated,

        Plaintiff,

CASE NO.: 23-CA-10590
JURY TRIAL DEMANDED
PROPOSED CLASS ACTION

v.

MODERN CONCEPTS CONSTRUCTION, LLC,
MODERN CONCEPTS SOLAR AND ROOFING INC.,
and GOODLEAP, LLC

        Defendants.
_____/

## COMPLAINT

Plaintiff, EDWIDG EUGENE (hereinafter "Plaintiff"), by and through the undersigned counsel, files this Complaint against MODERN CONCEPTS CONSTRUCTION, LLC, MODERN CONCEPTS SOLAR AND ROOFING INC., and GOODLEAP, LLC and as grounds state:

## PARTIES

1. This is an action for damages that exceeds $50,000, exclusive of costs and attorney's fees.

2. Plaintiff, EDWIDG EUGENE, is a Broward County, Florida, resident.

3. Defendant, MODERN CONCEPTS CONSTRUCTION, LLC ("MC CONSTRUCTION"), is a Florida limited liability company that does business in this county by purportedly providing construction and solar materials to Defendant, MODERN CONCEPTS SOLAR AND ROOFING INC., and to residents of the state of Florida.

4. Defendant, MODERN CONCEPTS CONSTRUCTION, LLC, is avoiding service of process in this state by concealing its whereabouts. Specifically,

the registered agent address given by the Defendant is a gated home with no access being made or given to process servers. Moreover, the registered agent is not present at the property during the statutorily required window.

5. Defendant, MODERN CONCEPTS SOLAR AND ROOFING INC. ("MC SOLAR"), is a Florida For-Profit Corporation that does business in this county by purportedly providing roofing and solar systems to residents of the state of Florida.

6. Defendant, GOODLEAP, LLC, is a California Company that transacts business nationally by providing home improvement loans to consumers in Florida and Broward County.

7. Defendant GOODLEAP LLC is the financing company for MC SOLAR and MC CONSTRUCTION. As it paid for the product and services sold by MC SOLAR and MC CONSTRUCTION, the FTC Holder Rule applies. *See 16 CFR § 433.2.*

8. Venue is proper at the property at issue in this litigation is located in this county.

## GENERAL ALLEGATIONS

9. The plaintiffs first met with Defendant's MC SOLAR representatives regarding procuring solar services at his property at 11750 NW 19th St., Plantation, FL 33323.

10. MC Solar initially had great reviews online and was the only company the Plaintiff interviewed that could provide a Solar System that met his needs, to wit, to offset the entire electrical use by the Plaintiff and eliminate an electric bill.

11. In May of 2022, Defendant MC SOLAR presented Plaintiff with a purchase contract for a solar Solar System through its agent, MC CONSTRUCTION; however, Plaintiff has never been provided with a copy of that agreement.

12. Before May of 2022, and upon information and belief, Plaintiff has yet to be presented with or sign an E-Sign Consent form. As a result, any applicable recision period has not been correctly given.

13. During the sales presentation, he was told that the Solar System was designed to meet his needs.

14. With this in mind, the Solar System was initially designed to offset the Plaintiff's utility use essentially.

15. The solar panels were installed in May of 2022.

16. As soon as the panels were installed, Defendant GOODLEAP released the funds to MC Solar.

17. After being paid, it took repeated calls to MC Solar to seek a permit, waiting until July 2022.

18. Inexplicably, the permits were withdrawn in November of 2022 without receiving the approvals required by the city of Plantation.

19. After the withdrawal of the permits, the property was cited for installing solar panels without a permit. The investigation is still pending. A true and correct copy of the "yellow tag" is attached as Exhibit 1.

20. Despite repeated inquiries, Defendants have not completed the work, and the solar system remains inoperable after nine months.

21. Recently, Plaintiff received written correspondence from GOODLEAP, attached as Exhibit 2, which indicates that:

"As you may know, your contractor Modern Concepts has been unresponsive. We were recently made aware of his situation and are currently considering ways so we can assist you with this situation. Modern Concepts no longer has the capability to oversee your project to completion. GoodLeap is actively connecting with a trusted third party that will complete the required work and make sure your Solar System is fully operation and up and running. We will have a final determination of who will be assisting with getting your project to completion in 2 weeks. Please use us as

your point of contact moving forward for any questions or concerns about your Solar System. We will reach out in 2 weeks with further information and next steps."

22. As a result of this communication, GOODLEAP is taking over for MC SOLAR and MC CONSTRUCTION based on the agreements under the FTC Holder Rule.

23. All conditions precedent to this suit has been met or waived.

24. Plaintiff has engaged The Consumer Protection Attorney, PA, and has agreed that it is owed a reasonable fee for the work performed. Consistent with the agreement between the parties, as the prevailing party, Plaintiff may seek reimbursement of these amounts paid from Defendants.

## COUNT I - DECEPTIVE AND UNFAIR TRADE PRACTICES

25. Plaintiff realleges and incorporates allegations 1 - 24 as if fully set forth herein.

26. This is an action for damages and injunctive relief under the Florida Deceptive and Unfair Trade Practice Act (Fla. Stat. 501.201, et. seq.)

27. Defendants are businesses engaged in a trade or practice or commerce as defined under Fla. Stat. 501.203.

28. Plaintiff are consumers as defined by that act.

29. Defendants offer and sell goods (in the form of roofing and solar panel materials and systems) and services (in the form of roofing services) to consumers by using unfair acts in furtherance of a trade or commerce, namely, the representation to homeowners that damage exists on a roof without a thorough inspection of the roof and basing that finding on neighboring parcels.

30. Defendants offer and sell goods (in the form of roofing materials) and services (in the form of roofing and solar Solar System services) to consumers by using deceptive acts in furtherance of a trade or commerce, namely, the false representation of the utility of solar Solar System, including that it would eliminate or virtually eliminate a utility bill, that a specific amount of generation of the Solar System could be achieved, that the agreements between the parties were valid and

binding, despite not giving the proper disclosures under the E-Sign Act (*See 15 U.S.C. § 7001(c)(1)(a); also Fla. Stat. § 668.50)*, not allowing the Plaintiff to read the contract in depth at the time of signing, not correctly installing the Solar System, not properly permitting the Solar System, not responding to customer inquiries in a timely manner, not being unable to complete his contracts with consumers in the state of Florida, and installing solar panels without pulling the necessary permits.

31. As a result of these unfair and deceptive acts, Plaintiff was damaged—specifically, the rise in the insurance rate and the cost of replacement of the roof in question.

WHEREFORE, Plaintiff requests actual damages, compensatory damages stemming from the misrepresentations, an injunction to enjoin the Defendants from advertising or procuring clients in this manner and using a deceptive sales pitch or from enforcing those agreements, emotional damages, attorney's fees, and costs, for interest (pre and post judgment), and for any and all other relief this Court deems just and proper.

## COUNT II - FRAUD IN THE EXECUTION

32. Plaintiff realleges and incorporates allegations 1 - 24 as if fully set forth herein.

33. Plaintiff was presented with an electronic document, which did not correctly afford Plaintiff time to review the contract in a manner that allowed them to form the intent to execute any agreement.

34. Plaintiff was told that the contract he was signing mirrored the sales pitch he was presented with.

35. This is patently false. In this cause of action, Plaintiff was told that the system he was building would meet his needs to eliminate electricity bills.

36. Plaintiff was never told that they "estimated" this data in his sales presentation.

37. The agreed upon "deal" and the written "deal" contain material changes, none of which were represented by the Defendants.

WHEREFORE, Plaintiff, requests actual damages, an injunction to enjoin Defendant from advertising or procuring clients in this manner, emotional damages, attorney's fees and costs, for interest (pre and post judgment), and for any and all other relief this Court deems just and proper.

## COUNT III - RESCISSION

38. Plaintiff realleges and reincorporates allegations 1 - 24 as if fully set forth herein.

39. At the time of the transaction, the Defendants failed to give the necessary disclosures as required under The E-Sign Act (*See 15 U.S.C. § 7001(c)(1) (a); also Fla. Stat. § 668.50*) and the Truth and Lending Act (TILA), including, but not limited to failing to provide statutorily required disclosures of a three day cooling off period as the sale occurred at the Plaintiff's Home, by not providing the actual cost of financing on the transaction as would be required under a Mortgage, and by not providing the E-Sign Consent ahead of delivering items to the Plaintiff electronically.

40. As a result of these failures, Plaintiff has been damaged, including actual damages and emotional damages arising from increased electrical bills that were to be eliminated AND improper reporting on Plaintiff's credit.

41. As a result of these failures, Plaintiff has a 3-year right of rescission under 15 USC 1635(f). Plaintiff has tendered this notice to the Defendants named herein.

WHEREFORE, the Plaintiff, demands judicial enforcement of the right to rescind for actual damages, statutory damages, attorney's fees, and costs, and for any other relief this court deems just and proper.

## COUNT IV - BREACH OF CONTRACT

42. Plaintiff realleges and reincorporates allegations 1 - 24 as if fully set forth herein.

CM-49019-0090

43. If unsuccessful in Counts I - III, Plaintiff will have been found to have a contract between Defendant, MC SOLAR, MC CONSTRUCTION, and GOODLEAP.

44. That contract is for a solar panel system that would eliminate any and all use of "on-grid" electricity or significantly minimize that use.

45. To date, this has not occurred.

46. As a result, the Defendants' have breached his agreement between the parties.

47. This breach has caused damages in excess of $90,000.00.

WHEREFORE, Plaintiff demands actual damages, interest (pre and post judgment), attorney's fees and costs, and for any other relief this court deems just and proper.

## COUNT V - AVOIDING FRAUDULENT TRANSFERS

48. Plaintiff realleges and incorporate allegations 1 - 24 as if fully set forth herein.

49. This action is being brought under Fla. Stat. 726.110(a).

50. Upon information and belief, Defendants have a shared business relationship that allows them to shift assets in an effort to hinder or delay the ability for Plaintiff to recover damages.

51. As this suit requests damages from these entities, who may improperly transfer funds to avoid such collection, any monetary transfers, assignments of contracts, or use of funds obtained in furtherance of the behavior complained of herein must be avoided.

52. Absent avoidance of these transfers, Plaintiff is unable to perfect a judicial lien against these assets and obtain justice.

WHEREFORE, Plaintiff requests judgment in his favor that any transfer between MC SOLAR and MC CONSTRUCTION be avoided, for attorney's fees and costs and any and all other relief this Court deems just.

## COUNT VI - NEGLIGENCE

CM-49019-0090

53. Plaintiff realleges and reincorporates allegations 1 - 24 as if fully set forth herein.

54. The defendant owed Plaintiff a duty to pull permits and have the solar system installed by a licensed professional.

55. This did not occur, and Plaintiff breached that duty.

56. Specifically, on November 22, 2022, the Plaintiff's property was "yellow tagged" as the work was done on his home without the required permits. Specifically, any and all permits for the work were withdrawn by Defendants MC CONSTRUCTION.

57. This breach caused Plaintiff damages; namely, it has a debt for work that was not done properly and gives Plaintiff no benefit.

58. As a result of this breach, Plaintiff rescinds the contract.

WHEREFORE, Plaintiff seeks judgment in his favor, for damages, for attorney's fees and court costs, for interest (pre-judgment and post-judgment), and for any other relief this court deems just.

### DEMAND FOR JURY TRIAL
Plaintiff demands a jury trial for all issues so triable.

### CERTIFICATE OF SERVICE
I hereby certify that I have caused a true and correct copy of the foregoing to be filed with the Clerk of Court's efiling portal which will serve all parties who have opted into e-mail service on June 22, 2023.

and, served via US MAIL, to:

GOODLEAP, LLC., c/o CT CORPORATION SYSTEM 1200 SOUTH PINE ISLAND ROAD PLANTATION, FL 32301-2525

MODERN CONCEPTS CONSTRUCTION LLC, Chopra, Danny R 201 N. Franklin St., Suite 2200 Tampa, FL 33602

MODERN CONCEPTS SOLAR AND ROOFING INC., c/o SPIEGEL & UTRERA, P.A. 1840 SOUTHWEST 22ND STREET, 4TH FLOOR MIAMI, FL 33145

Respectfully submitted,

THE CONSUMER PROTECTION ATTORNEY, PA

Attorneys for Plaintiff.
301 W. Platt St., #216.
Tampa, FL 33606
Phone: 813.252.0239
Email:
bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.com


By:     /s/ Bryant H. Dunivan Jr.
        Bryant H. Dunivan Jr., Esq.
        Fla. Bar No.: 102594
        MI P. No.: 85206

CM-49019-0090



**CITY OF PLANTATION**
**BUILDING DEPARTMENT**

Date: 11-22-22    Time: 1:24

☒ A Building permit is required for the work being performed on the property referenced below.

☐ Please call regarding Building Permit/Code Enforcement case referenced below.

CE22-02592
Permit/Case#

11750 NW 19 ST
Property Address

Comments: Installation of roof mounted Solar. Permits B22-02574 & E22-00784 withdrawn. Pls obtain proper permits. 30 days to comply

Please contact:
Tom Sweeney
Building Inspector (Print Name)

954 797-2262
Phone #

401 NW 70 Terrace | Plantation, FL 33317 | 954-797-2765
Email: helpmebuilding@plantation.org