UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-61463-DIMITROULEAS/AUGUSTIN-BIRCH

**EDWIDG EUGENE,**

    **Plaintiff,**

v.

**GOODLEAP, LLC,** *ET AL.*

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION ON AMENDED MOTION TO QUASH SERVICE OF PROCESS OR SET ASIDE DEFAULT FINAL JUDGMENT [DE 50]

This cause comes before the Court on Defendant Modern Concepts Construction, LLC's Amended Motion to Quash Service of Process or Set Aside Default Final Judgment. DE 50. The Honorable William P. Dimitrouleas, United States District Judge, has referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 51. Plaintiff Edwidg Eugene has filed a response, DE 52, but Defendant Modern Concepts Construction, LLC has not filed a reply. The Court has carefully considered the briefing, the record, and is otherwise fully advised. For the reasons set forth below, the Court **RECOMMENDS** for the Motion to be **GRANTED**.

### I. Background

Prior to his case being removed to federal court, Plaintiff Edwidg Eugene served Florida's Secretary of State as an agent of Defendant Modern Concepts Construction, LLC ("MCC"). DE 24-1. After his case was removed, Plaintiff moved for a clerk's entry of default against MCC on account of its failure to respond to his complaint, DE 26, and the clerk of court entered a default judgment as to MCC. DE 27. Thereafter, Plaintiff moved for entry of final default judgment against MCC, DE 37,

and a final default judgment was entered against MCC. DE 42. Following the entry of final default judgment against it, MCC filed the present Amended Motion to Quash Service of Process or Set Aside Default Final Judgment, seeking to set aside the final default judgment. DE 50.

## II. Analysis

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final default judgment if, among other options, the judgment is void or the defaulting party demonstrates excusable neglect. Fed. R. Civ. P. 60(b)(1), (4). A judgment is void where there was insufficient service of process. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."). And, to demonstrate excusable neglect to set aside a final default judgment, the defaulting party must establish that (1) it has a meritorious defense; (2) the non-defaulting party would not be prejudiced if the judgment is set aside; and (3) it had "good reason" for failing to respond to the complaint. *Sloss Indus. Corp. v. Eurisol*, 488 F. 3d 922, 934 (11th Cir. 2007).

In its Motion, MCC moves to have the final default judgment set aside for two reasons, arguing: (1) Plaintiff's substitute service of process on Florida's Secretary of State was improper, and (2) excusable neglect exists for its failure to respond. Although MCC mistakenly cites to the Florida Rules of Civil Procedure to have the final default judgment set aside, *see, e.g.*, DE 50 at 1,[1] MCC correctly contends that Plaintiff improperly served Florida's Secretary of State on its behalf. Thus, the final default judgment is void and should be set aside.[2]

---

[1] The Florida Rules of Civil Procedure do not apply in this federal case. *See Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1260 (11th Cir. 2015) (explaining that the Federal Rules of Civil Procedure are the rules of procedure that apply in federal cases).

[2] Given this finding, the Court does not address MCC's excusable neglect argument.

## A. Service of Process

Federal Rule of Civil Procedure 4(h) permits a corporation to be served according to state law. And under Florida law, section 48.062, Florida Statutes, governs service of process on a limited liability company ("LLC"), such as MCC. Importantly, since section 48.062 governs service of process, it must be strictly construed and followed in order for service to be properly effectuated. *Florio v. Success Agency LLC*, No. 17-80557-CV, 2017 WL 8897130, at *3 (S.D. Fla. Oct. 30, 2017) ("Since 'statutes governing service of process are to be strictly construed,' § 48.062 must be strictly construed and complied with to validly serve process." (quoting *Mead v. HS76 Milton, LLC*, 102 So. 3d 682, 683 (Fla. 1st DCA 2012))); *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001) ("[S]tatutes governing service of process are to be strictly construed and enforced.").

At the outset, the Court notes that section 48.062 was substantively amended effective January 2, 2023. Ch. 2022-190, § 3, Laws of Fla.; *McGlynn v. Mia. Diario LLC*, No. 22-CV-24261, 2023 WL 4251553, at *4 (S.D. Fla. June 29, 2023). Although Plaintiff contends that he has complied with the 2023 version of section 48.062, *see* DE 52 at 6–7, neither party has briefed for the Court whether the 2022 or 2023 version of 48.062 applies.[3] Nonetheless, the Court concludes that Plaintiff's service on Florida's Secretary of State was improper under either the 2022 or 2023 version of section 48.062.

## B. Plaintiff Failed to Exercise Proper Diligence Before Serving Florida's Secretary of State

Before resorting to serving Florida's Secretary of State as an agent of an LLC under either the 2022 or 2023 version of section 48.062, a party must first attempt to diligently serve the LLC's registered agent. § 48.062(3), Fla. Stat. (2022) ("If, after reasonable diligence, service of process cannot be completed under subsection (1) [which allows for service of process on a registered agent]

---

[3] Under Florida law, the applicable version of a service of process statute is determined by when the cause of action accrues. *See S-Fer Int'l, Inc. v. Stonesheets, LLC*, No. 14-24662-CIV, 2016 WL 8808748, at *4 (S.D. Fla. Jan. 19, 2016) (applying Florida service of process statutes based on the accrual dates of various causes of actions); *McGlynn*, 2023 WL 421553, at *5 (employing service of process statute in effect when plaintiff's cause of action accrued); *Angarita v. Hypertoyz, Inc.*, No. 23-CV-20695, 2023 WL 5289260, at *3 (S.D. Fla. Aug. 16, 2023) (same).

or subsection (2), service of process may be effected by service upon the Secretary of State . . . ."); § 48.062(4), Fla. Stat. (2023) ("If, after due diligence, the process cannot be completed under section (2) [which permits service of process on a registered agent] . . . the service of process may be served as provided in s. 48.161 on the Secretary of State . . . .").

Here, MCC's 2023 Annual Report listed its registered agent and manager as Danny Chopra and provided the following address for its registered agent: 625 Palmer Street, Orlando, Florida 32801.[4] DE 50-2. No other individuals were listed on the annual report. *Id.* On April 27, 2023, at 12:03 p.m., Plaintiff's process server unsuccessfully attempted to serve MCC's registered agent at the Palmer Street address and noted that he spoke with an unidentified woman who advised that Danny Chopra did not live at that address. DE 52-1 at 1.

On May 3, 2023, at 1:29 p.m., Plaintiff's process server unsuccessfully attempted to serve Danny Chopra at a different address, 3300 South Orange Blossom Trial, Orlando, Florida 32839, and the server noted that "Juan said Danny did not work at this Days Inn, did not own the Days Inn, and was not there." *Id.* Plaintiff provides no explanation for why service was attempted at this address, but Plaintiff nonetheless asserts that his one good faith attempt at serving MCC's registered agent at the Palmer Street address permitted him to serve Florida's Secretary of State on MCC's behalf under the 2023 version of section 48.062. DE 52 at 7.

However, the Court finds that Plaintiff did not exercise the requisite level of diligence—whether that is "reasonable" or "due" diligence—to serve MCC's registered agent before resorting to substitute service on Florida's Secretary of State for the following two reasons. First, section 48.091, Florida Statutes, requires the registered agent of an LLC to keep the agent's designated office open from at least 10 a.m. to 12 p.m. every day except for Saturdays, Sundays, and legal holidays.[5] Instead

---

[4] This address is also listed as MCC's principal place of business. *Id.*

[5] These requirements have not changed from the 2022 to 2023 version of 48.091.

4

of attempting to serve MCC's registered agent during these hours, Plaintiff's process server was late, albeit by three minutes. *See* DE 52-1 at 1 (listing time as 12:03 p.m. for attempt of service at MCC's registered agent's office). There is also no indication by Plaintiff of any attempt to serve someone other than MCC's registered agent at the address listed, which Plaintiff would have been permitted to do. *See* § 48.062(1), Fla. Stat. (2022) ("A person attempting to serve process pursuant to this subsection may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office."); § 48.091(3), Fla. Stat. (2023) (requiring LLCs to "cause the designated registered agent to keep one or more individuals who are, or are representatives of, the designated agent on whom process may be served at the office during" the hours of 10 a.m. to 12 noon).

Second, since the address of the registered agent is a residential home as Plaintiff alleges, DE 52 at 7, and as MCC's registered agent acknowledges, DE 50-1 ¶ 7, section 48.062 provided an alternative avenue for Plaintiff to perfect service of process on MCC's registered agent. Specifically, section 48.062(4), Florida Statutes (2022), and section 48.062(5), Florida Statutes (2023), provide that if the address for a registered agent is a residence, service of process can be accomplished in accordance with section 48.031, Florida Statutes.[6] That statute permits service of process to be effectuated by delivering a copy of the complaint to either the person to be served or to any person residing at the residence who is 15 years of age or older and is informed about the contents of the delivery. § 48.031(1)(a), Fla. Stat. Plaintiff has provided no evidence of any attempt to serve MCC's registered agent pursuant to this statute.

Consequently, the Court finds that Plaintiff's one and only attempt at serving MCC's registered agent at the registered agent's listed address did not constitute "reasonable" or "due

---

[6] Section 48.031 has not substantively changed from 2022 to 2023.

diligence" so as to permit Plaintiff to resort to substitute service on Florida's Secretary of State. *See Grammer v. Grammer*, 80 So. 2d 457, 461 (Fla. 1955) ("Reasonable diligence in such matters is an honest effort, and one appropriate to the circumstances, to ascertain whether actual notice may be given, and, if so, to give it."). It might very well be the case that nobody was at the Palmer Street address when Plaintiff's process server attempted service or would be if the process server were to have tried again. However, the Court cannot know this with certainty because Plaintiff has not produced any affidavits of nonservice stating as much. It might also be the case that MCC's registered agent does not live at the Palmer Street address, as the unidentified woman claimed. Nevertheless, Plaintiff could have perfected service of process on MCC's registered agent under section 48.031, but there is no evidence Plaintiff ever attempted to do so. Thus, Plaintiff's service of process on Florida's Secretary of State is insufficient for failing to strictly comply with section 48.062, and the final default judgment entered against MCC should be set aside as void under Rule 60(b)(4).

### C. MCC has not Waived any Objection to the Defective Service

Lastly, to the extent Plaintiff contends MCC has unreasonably delayed in filing its Motion, *see* DE 52 at 9, the Court does not agree. Although "a motion to set aside a judgment for voidness pursuant to Federal Rule of Civil Procedure 60(b)(4) is not subject to a typical laches analysis," a party can waive the right to object to defects in service of process under Rule 60(b)(4) when that party knowingly sits on its rights. *See Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 737 (11th Cir. 2014) (concluding that, because objections to personal jurisdiction can be waived, party waived right to object to defect in his service of process via Rule 60(b)(4) motion when he "knowingly sat on his rights for nine months"); *see also A & F Bah. LLC v. World Venture Grp., Inc.*, 796 F. App'x 657, 661 (11th Cir. 2020) ("As we have explained, though Rule 60(b)(4) is not subject to Rule 60(c)(1)'s 'reasonable time' requirement, that does not mean it is subject to *no* temporal requirements." (citing *Stansell*, 771 F.3d at 737–78)).

6

Here, MCC's first Motion to Set Aside was filed roughly two months after it became aware of the final default judgment. *See* DE 50 ¶ 17 (MCC claiming it was first made aware of final default judgment in "late October 2023"); DE 45 (October 17, 2023 notice of mailing copy of final default judgment to MCC); DE 46 (MCC's first Motion to Set Aside filed on January 3, 2024).[7] Given this relatively short amount of time, and the numerous holidays that took place in between the dates, the Court does not find that MCC waived its objections to Plaintiff's defective service of process by failing to act diligently or sitting on its rights.

### III. Recommendation

Accordingly, based on the foregoing, the Court **RECOMMENDS** for MCC's Motion [DE 50] to be **GRANTED** and for the final default judgment against MCC to be **SET ASIDE AS VOID**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 1st day of March, 2024.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

---

[7] MCC's First Motion to Set Aside was denied without prejudice for failure to comply with Local Rule 7.1(a)(3). DE 49.